**Juliana BAJRAMAJ, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2967–AG.**

United States Court of Appeals, Second Circuit.

March 17, 2006.

G. Victoria Calle, Calle & Lee, LLP, New York, New York, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Saima Mohsin, Assistant United States Attorney, (Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, on the brief) Detroit, Michigan, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Juliana Bajramaj, through counsel, petitions for review of the BIA decision denying her asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA issues a short decision that primarily adopts and affirms the IJ's opinion, we review the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U .S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004).

Because Bajramaj has challenged only the IJ's factual findings and not raised a question of constitutional law or statutory interpretation, we lack jurisdiction to review the denial of asylum as time-barred by 8 U.S.C. 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 154 (2d Cir.2006); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 177 (2d Cir.2006).

Substantial evidence does not support the IJ's adverse credibility determination with respect to the denial of withholding of removal and CAT relief. First, the IJ erred in finding that one of Bajramaj's doctor's letters contradicted her testimony of her beating on January 8, 1999. Even if there is a discrepancy in the doctor's description of Bajramaj's injuries, it is minor and does not constitute a reasoned basis for an adverse credibility finding. The letter substantially supports Bajramaj's statements, confirming that she was heavily bruised on her back and face, and that she had damage to her lips that was "caused by a strong hit." The letter further corroborates Bajramaj's testimony that she fought with the police when they hit her mother in the chest and she "tried to intervene." Next, the IJ erred in finding that dates in the letter did not match the January 8, 1999 date that Bajramaj sought medical treatment. An inspection of the evidence indicates that the letter actually documents injuries Bajramaj received "on January 8, 1999."

Second, the IJ erred in finding that the fact that two August 2002 letters from a psychiatrist and from the director of a toxicology clinic were not contemporaneous with the treatments Bajramaj received constituted "serious inconsistencies which undermine the respondent's credibility." These letters directly support Bajramaj's account of events and in no way contradict her testimony or her written statements.

Third, the IJ erroneously based her adverse credibility determination on the fact that the letter from Bajramaj's parents did not describe her particular problems in Albania and did not explain why such a description was left out. Although it may have been reasonable for the IJ to give the letter little weight, she fails to explain how the letter contributes in any way to her adverse credibility determination.

Fourth, the IJ held that a statement by the Youth Forum Democratic Party of Albania was also "questionable" because it stated that Bajramaj "was a member of

the (indiscernible). This is not mentioned anywhere in [her written statement or her] testimony." However, this misstates the record because Bajramaj both stated in her written application and testified that she "was a member of the Youth Forum of the Democratic Party ... [beginning in] 1997."

Finally, the IJ found that other documents were "questionable" including two letters from the Democratic Party of Albania certifying Bajramaj's membership in the group, and a membership card from the Democratic Party Youth Forum. However, the IJ gives no explanation as to how these documents might adversely affect Bajramaj's credibility, or why she finds the documents to be "questionable."

In this case, the IJ based her overall analysis of Bajramaj's eligibility for relief on her improper adverse credibility determination and her correlated decision to give little or no weight to Bajramaj's corroborating evidence. Therefore, the IJ's denial of withholding of removal and relief under the CAT were also improper. While the BIA's initial perfunctory review precluded it from addressing the obvious mistakes that we have identified, we assume that the BIA will wish to reexamine the one-year time-bar in light of our order vacating the IJ's credibility determination.

Accordingly, Bajramaj's petition for review is DISMISSED in part, with regard to the IJ's one-year filing deadline determination regarding the asylum application, and GRANTED in part, with regard to the IJ's withholding of removal and CAT determinations. The BIA's decision is VACATED in part for the foregoing reasons, and the case is REMANDED to the BIA for further proceedings consistent with this order.